IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JOHNNIE HAYES**                                                                 **PLAINTIFF**

**v.**                                                             **No. 3:18CV74-GHD-JMV**

**STATE OF MISSISSIPPI, ET AL.**                                      **DEFENDANTS**

**REPORT AND RECOMMENDATION**

The plaintiff, an inmate in the custody of the Mississippi Department of Corrections, appeared before the undersigned for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether any claims in the present case filed under 42 U.S.C. § 1983 have sufficient merit to proceed. A plaintiff's claim must be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

**Allegations**

Mr. Hayes was on suicide watch at the Marshall County Correctional Facility on November 1, 2017. Mr. Hayes alleges that on that day "a female c/o" lied and said he was masturbating towards

---

[1] 28 U.S.C. § 1915(g).

her.[2]  A short time later, Lt. McDavis and Officer Odom opened Hayes' cell and entered.  Lt. McDavis made clear that he did not approve of Mr. Hayes' alleged masturbation.  Hayes denied doing so; then McDavis "put his hands" on Hayes by punching him on the arm.  Officers Odom and Wallace did not stop McDavis.  Mr. Hayes was transported to medical the following day, where he was treated for bruising and swelling of his arm.  He was treated by Nurse Odom with an ice pack and released from medical care.  Mr. Hayes did not receive a Rule Violation Report for the incident, and, during the grievance process, staff found that no one struck Mr. Hayes.

## Excessive Force

This case presents the court with a claim that a prison official used excessive force against a prisoner in violation of the Eighth Amendment.  A court must balance the constitutional rights of convicted prisoners with the needs of prison officials to effectively use force to maintain prison order.  To establish liability on the part of defendants the plaintiff must prove the force was applied "maliciously and sadistically to cause harm," and not "in a good-faith effort to maintain or restore discipline . . . ."  *Hudson v. McMillian,* 503 U.S. 1, 6-7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)); *see Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir. 1993).  Factors which are relevant to this issue include, but are not limited to "(1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and, (5) any efforts made to temper the severity of the forceful response."  *Rankin*, 5 F.3d at 107 n.5 (citation omitted).

A prisoner need not prove "significant" or "serious injury" in order to prevail in an Eighth

---

[2] Mr. Hayes denies this allegation in his complaint and did so during the grievance process. He is currently serving a five-year sentence after his conviction on two counts of indecent exposure.

Amendment claim of excessive force. *Hudson*, 503 U.S. at 7. "The absence of serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it." *Id.* A *de minimis* use of force, however, is insufficient to state a valid Eighth Amendment claim. *Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993). "Not every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9 (citation omitted). "The Eighth Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (citation omitted). Moreover, "[i]n cases post-*Hudson*, 'certainly some injury is still required.'" *Rankin*, 5 F.3d at 108; *see also Knight v. Caldwell*, 970 F.2d 1430 (5th Cir. 1992), *cert. denied*, 507 U.S. 926, 113 S. Ct. 1298, 122 L. Ed. 2d 688 (1993). A single incident of force or a single blow is *de minimis* and thus does not violate the Eighth Amendment. *Jackson v. Colbertson*, 984 F. 2d 699, 700 (5th Cir. 1993).

In this case, Mr. Hayes experience only a single incident of force (a punch in the arm), resulting in soreness and bruising. An ice pack was sufficient to treat it. This level of force is not excessive under the Eighth Amendment prohibition against cruel and unusual punishment, as such, the instant case will be dismissed for failure to state a claim upon which relief could be granted. *Jackson, supra; see also Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (holding that "a sore, bruised ear lasting for three days—was *de minimis*" and would not support a claim for excessive force under 42 U.S.C. § 1983).

## Conclusion

For the reasons set forth above, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**Handling of Objections, Acknowledgment of Receipt**

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. *Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted, this, the 21st day of June, 2018.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE